# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-730V
Filed: November 17, 2015
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
LYNN MARTIN,            \*
                                                           \*
                 Petitioner,             \*
             v.                               \*
                                                           \*      Attorneys' Fees and Costs;
SECRETARY OF HEALTH            \*      Special Processing Unit ("SPU")
AND HUMAN SERVICES,             \*
                                                          \*
                 Respondent.           \*
                                                           \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

       On August 13, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 25, 2012 influenza vaccination. On February 9, 2015, a decision was issued awarding compensation to petitioner based on respondent's proffer.

       On July 1, 2015, petitioner moved for attorneys' fees and costs. (ECF No. 24). Petitioner applied for attorneys' fees amounting to $11,519.20, attorneys' costs

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, that material will be removed from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amounting to $344.98, and petitioner's costs amounting to $400.00. *Id*. at 1. On July 17, 2015, respondent filed a response to petitioner's application for fees and costs objecting to the hourly rates requested by petitioner's counsel, as well as to certain expenditures of time. (ECF No. 26). Petitioner filed concurrently on July 27, 2015, a reply to respondent's response (ECF No. 27) and a supplemental application for attorneys' fees requesting an additional $1,443.50 in attorneys' fees, for a total award sought of $13,707.68 in attorneys' fees and costs (ECF No. 28). On August 4, 2015, respondent filed a response to petitioner's supplemental application for attorneys' fees and costs and response to petitioner's reply. (ECF No. 31). On August 7, 2015, petitioner filed a reply to respondent's response to petitioner's supplemental application for attorneys' fees and costs and a sur-reply to respondent's response to petitioner's reply. (ECF No. 32).

On October 5, 2015, the undersigned indicated agreement with the analysis in the *McCulloch* decision[3] and ordered petitioner to file a second supplemental application for attorneys' fees and costs utilizing the rates awarded in *McCulloch*. (ECF No. 33). Petitioner submitted her second supplemental application on October 9, 2015. (ECF No. 34).

In her second supplemental application for fees and costs, petitioner requests attorneys' fees amounting to $13,366.20, attorneys' costs amounting to $344.98, and petitioner's costs amounting to $400.00, for a total of $14,111.18.[4] *Id*. at 1.

In a separate filing and in accordance with General Order #9, petitioner's counsel represents that petitioner incurred costs of $400.00 and petitioner's counsel incurred costs of $344.98. (ECF No. 25).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's second supplemental request for payment of attorneys' fees and costs.[5]

---

[3] *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Although the hourly rates for each of the attorneys that worked on this case were reduced to the *McCulloch* rates, the second supplemental application also contained additional time billed by petitioner's counsel as a result of activity in the case subsequent to petitioner's supplemental application for fees and costs. (Compare ECF No. 28, p. 4 and ECF No. 34, p. 13.)

[5] In other cases the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. Due to the overall reasonable amount of fees sought in this particular case, the undersigned will not reduce the fees. However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

Accordingly, the undersigned awards:

- **A lump sum of $13,711.18[6], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Lynn Martin, and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Lynn Martin.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).